IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENISE MORAND, *individually and on behalf of all others similarly situated.*, | § § § § | |
| Plaintiff, | § § | |
| v. | § | 1:25-CV-1213-RP |
| TESLA, INC., et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Movant Amiri Gandhi's ("Gandhi") Motion for Appointment as Lead Plaintiff and Approval of Counsel, (Dkt. 4); Movant Jacob Soto's ("Soto") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, (Dkt. 6); and Soto and Gandhi's joint Stipulation and Proposed Order Appointing Co-Lead Plaintiffs and Co-Lead Counsel, (Dkt. 7). After considering the parties' motions, the briefing, and the relevant evidence, the Court enters the following order.

## I. BACKGROUND

Defendant Tesla, Inc. ("Tesla") is a company that designs, develops, manufactures, leases, and sells electric vehicles, autonomous driving vehicles, and energy generation and storage systems. (Compl., Dkt. 1, at 2). Plaintiff Denise Morand ("Plaintiff") alleges that the individual defendants, three Tesla officers—Elon Musk, Tesla's Chief Executive Officer; Zachary J. Kirkhorn, Tesla's former Chief Financial Officer ("CFO"); and Vaibhav Taneja, Tesla's current CFO (together, "Individual Defendants")—made false statements about the viability of an autonomous vehicle that Tesla planned to build, called the "Robotaxi." *Id.* at 2–3, 6–19. Plaintiff alleges that the Individual Defendants' false statements and wrongful acts led Tesla's stock price to fall when safety issues with the Robotaxi's self-driving capabilities were discovered. *Id.* at 3–4, 19–22. On August 4, 2025,

1

Plaintiff, individually as a Tesla stockholder and on behalf of a proposed class consisting of "all persons and entities other than Defendants that purchased or otherwise acquired Tesla securities between April 19, 2023 and June 22, 2025," filed this lawsuit asserting violations of the Exchange Act and Securities and Exchange Commission ("SEC") rules promulgated pursuant to the Exchange Act. *Id.* at 25–30.

On October 3, 2025, Gandhi and Soto filed competing motions to be appointed as lead plaintiff and to have their choice of counsel approved as lead counsel. (Dkts. 4, 6). Gandhi moved for the Court to approve his selection of Levi & Korinsky, LLP ("Levi & Korinsky") as lead counsel for the class and Sponsel Miller PLLC ("Sponsel Miller") as liaison counsel. (Dkt. 4 at 1). Soto moved for the Court to approve his selection of Pomerantz LLP ("Pomerantz") as lead counsel for the class and The Brisco Law Firm, PLLC ("BLF") as liaison counsel. (Dkt. 6 at 5). On October 17, 2025, Gandhi and Soto filed a joint stipulation, proposing that they be appointed co-lead counsel and that Pomerantz and Levi & Korinsky be appointed co-lead counsel, with BLF serving as liaison counsel. (Dkt. 7).

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") requires that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." See 15 U.S.C. § 78u–1(a)(3)(B)(i). In making this determination, the court is guided by the "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons that—(aa) has either filed the complaint or made a motion in response to a notice [that is published no later than twenty days after the complaint is filed] . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." See 15 U.S.C. § 78u– 1(a)(3)(B)(iii)(I). As for the

selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).

If a "group of persons" seeks appointment as Lead Plaintiff, the group must be "small" and "cohesive." *Strong v. AthroCare Corp.*, No. A-08-CA-574-SS, 2008 WL 11334942, at *7 (W.D. Tex. Dec. 10, 2008) (quoting *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002)). A "small" group has no more than five members. *See, e.g.*, *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 478 n.2 (5th Cir. 2001) ("[I]t is notable that the Securities and Exchange Commission has taken the position that a group of investors appointed to serve as lead plaintiffs ordinarily should comprise no more than three to five persons."). Group "cohesion" is generally established by demonstrating the existence of "a prelitigation relationship [between group members] based on more than their losing investment." *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000).

### III. DISCUSSION

Although Gandhi and Soto each initially moved to be appointed as lead plaintiff, they have since expressed their desire to be appointed co-lead plaintiffs. As a threshold matter, the Court recognizes that appointing co-lead plaintiffs under the PSLRA is potentially disfavored in some other circuits, but that district courts in this circuit have both appointed and declined to appoint co-lead plaintiffs depending on specific circumstances. *See, e.g.*, *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 711 (9th Cir. 2009) (the Ninth Circuit suggesting that "while the PSLRA allows a group to serve as lead plaintiff, it also consistently refers to the lead plaintiff and most adequate plaintiff in the singular, suggesting that the district court should appoint only one lead plaintiff.). *But see Gluck v. CellStar Corp.*, 976 F. Supp. 542, 549–50 (N.D. Tex. 1997) (declining to appoint co-lead plaintiffs but noting that "[c]o–Lead Plaintiffs might be appropriate in certain situations, such as . . . two or more smaller investors with roughly equal interests where there is no plaintiff with a significantly larger interest than all other plaintiffs.") *and Holley v. Kitty Hawk, Inc.,* 200

3

F.R.D. 275, 280 (N.D. Tex. 2001) (discussing this issue at length and concluding that "the majority of courts addressing this issue have permitted the aggregation of claims, as multiple plaintiffs are permitted by the Act. Aggregation has been permitted even where the plaintiffs are wholly unrelated to each other outside of the class action, as long as no party or class member opposes the motion. Often courts have denied applications for one hundred or more plaintiffs to be aggregated but permitted groups of six or less to serve together." (cleaned up)). As far as the Court is aware, the Fifth Circuit has not expressed a clear position in favor of or against co-lead plaintiffs under the PSLRA. As a result, given the Movants' agreement, and, as discussed below, that they each have a significant financial stake in the outcome of the litigation and otherwise satisfy the requirements of Rule 23, the Court will appoint Gandhi and Soto as co-lead plaintiffs.

      Gandhi alleges losses of approximately $188,108 as a result of Defendants' alleged wrongful conduct. (Dkt. 5-2). Soto alleges losses of approximately $1,148,001 or $1,105,558, depending on the method of calculation. (Dkt. 6-2). While these amounts are substantially different and could support appointing Soto as the sole lead plaintiff, they both represent a significant degree of financial interest in the relief sought by the class. In light of the parties' agreement and in the interest of both conserving judicial resources and avoiding delay from further dispute over lead plaintiff status, the Court finds that both Gandhi and Soto have a substantial enough financial interest to satisfy the PLSRA's purpose of ensuring the class action securities litigation is driven by the parties, not lawyers.

      Both Gandhi and Soto also satisfy the adequacy and typicality requirements of Rule 23—their claims and those of all other class members "arise out of the same event or course of conduct as the other proposed class members, or are based on the same legal theory." *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *6 (W.D. Tex. Aug. 20, 2018) (citations and quotations omitted). Furthermore, they have retained counsel and have no apparent conflicts of

4

interest with the remaining class members. Given that both Gandhi and Soto filed timely motions to be appointed lead plaintiff, have significant financial interests in the case, satisfy the typicality and adequacy requirements of Rule 23, and have jointly asked to be appointed co-lead plaintiffs, the Court finds that Gandhi and Soto should be named lead co-lead plaintiffs.

Finally, Gandhi and Soto ask the Court to approve of their selection of both Pomerantz and Levi & Korinsky as co-lead counsel, with BLF as liaison counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Other district courts in this circuit have expressed skepticism about the need to appoint co-lead counsel and the risk of duplication of work but have, in general, allowed such appointments. *See, e.g., Holley*, 200 F.R.D. at 282. However, in light of the PSLRA's vesting of authority in lead plaintiffs and having reviewed Pomerantz, Levi & Korinsky, and BLF's firm resumes, the Court approves of the selection of Pomerantz and Levi & Korinsky as co-lead counsel with BLF as liaison counsel. (Resumes, Dkts. 5-5 and 6-6 to 6-7). Nonetheless, the Court reminds and cautions counsel to ensure that the involvement of multiple firms does not lead to a duplication of services, as duplicated services will not be compensated when awarding attorney's fees. *See Holley*, 200 F.R.D. at 282.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Movants Gandhi and Soto's Joint Stipulation and Proposed Order Appointing Co-Lead Plaintiffs and Co-Lead Counsel, (Dkt. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that Soto and Gandhi are **APPOINTED** to serve as Co-Lead Plaintiffs in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995.

**IT IS FURTHER ORDERED** that Soto and Gandhi's joint selection of Co-Lead Counsel is **APPROVED**. Levi & Korinsky, LLP and Pomerantz LLP are **APPOINTED** as Co-Lead Counsel for the Class. The Brisco Law Firm, PLLC is **APPOINTED** as liaison counsel for the Class.

**SIGNED** on December 9, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE